# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY ROJAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EDMUND BROWN, et al., <br><br> Defendants. | Case No.: 1:17-cv-01514 DAD JLT <br><br> ORDER RECLASSIFYING THIS CASE AS A CIVIL MATTER <br><br> ORDER TO THE PLAINTIFFS TO SHOW CAUSE WHY THE COMPLAINT AGAINST THE DEFENDANTS IN THEIR OFFICIAL CAPACITIES ON THE 42 USC § 1983 CLAIMS AND THE INDIVIDUAL CAPACITY CLAIMS BASED UPON THE ADA SHOULD NOT BE DISMISSED |

According to the Court's Local Rule 101, a "prisoner" case is one "brought in propria persona by a person in custody who is seeking habeas corpus relief (28 U.S.C. § 2241 et seq.) or any relief authorized by 42 U.S.C. § 1981 et seq., or actions pursuant to Bivens or the Federal Tort Claims Act." Here, of course, the plaintiffs are represented. Thus, the action should be reclassified as a civil matter.

The plaintiffs' bring their first five claims under 42 U.S.C. § 1983[1]. Each of the defendants, except two, is sued in their individual and official capacities as to these claims. The remaining two,

---

[1] The first three claims assert violations of the Eighth Amendment. The fourth claim asserts a violation of the First Amendment and the fifth claim fails to identify *any* constitutional or federal statutory basis for the claim. Nevertheless,, to state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law. Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir.2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).

1

Governor Edmund Brown and CDCR Secretary, Scott Kernan, are sued only in their official capacities. However, as a general rule, states cannot be sued in federal court for violating § 1983. The Eleventh Amendment likewise, in general, bars suits for damages against state officials in their official capacities because, in effect, this is a claim against the entity. <u>Kentucky v. Graham</u>[2], 473 U.S. 159, 165-166 (1985).

The sixth claim is based upon the Americans with Disabilities Act and is asserted against all of the defendants except Brown and Kernan. Each of the defendants named in this claim is sued in their individual and official capacities. Notably, liability under Title II of ADA may not be imposed on individuals. *See* <u>Vinson v. Thomas</u>, 288 F.3d 1145, 1156 (9th Cir. 2002).

Therefore, the Court **ORDERS**:

1. The action **SHALL** be reclassified as a civil case, rather than a "prisoner action";

2. **<u>Within seven days</u>**, the plaintiffs and their counsel **SHALL** show cause in writing why:

    a. the complaint against Governor Brown and Scott Kernan should not be dismissed;

    b. the first through fifth claims against the remaining defendants in their official capacities should not be dismissed;

    c. the sixth claim in the defendants' individual capacities should not be dismissed;

    d. the fifth claim should not be dismissed for failure to state a claim under § 1983 due to the failure to plead an essential element of the claim.

///
///
///
///

---

[2] "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. [Citation]. It is not a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." <u>Kentucky</u>, at 165, citation omitted.

e. Alternatively, **within seven days**, the plaintiffs and their counsel may file an amended complaint addressing these deficiencies[3].

IT IS SO ORDERED.

Dated: **April 24, 2018**                **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

---

[3] At this time, the Court does not suggest sanctions under Fed. R. Civ. P. Rule 11 will be considered, though it is sorely tempted in light of the fact that the pleading ignores the very basic, nearly hornbook law, set forth here. Should the plaintiffs and counsel choose to file an amended complaint, they **SHALL** be comply with the requirements of Rule 11.

3