XAVIER BECERRA, State Bar No. 118517
Attorney General of California
CHRISTOPHER J. BECKER, State Bar No. 230529
Supervising Deputy Attorney General
JANET N. CHEN, State Bar No. 283233
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7319
  Fax: (916) 324-5205
  E-mail: Janet.Chen@doj.ca.gov
*Attorneys for Defendants*
*Brown, Dalie, Herrera, Adams, Del Toro, Valencia,
Collier, Reynolds, Espinoza, Johnson, Trevino,
Rubalcava, Kernan, and Tegtmeyer*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **STACY ROJAS, et al.,**<br><br>                    Plaintiffs,<br><br>    v.<br><br>**EDMUND G. BROWN, et al.,**<br><br>                    Defendants. | 1:17-cv-01514 DAD JLT<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

**INTRODUCTION**

Plaintiffs' objections (ECF No. 41) to the Magistrate Judge's Findings and Recommendations (ECF No. 38) should be overruled, and the recommendations adopted, as discussed below.

**I.**     **THE MAGISTRATE JUDGE CORRECTLY FOUND THAT PLAINTIFFS' CLAIMS WERE IMPROPERLY JOINED.**

Plaintiffs argue that their claims are properly joined because three Plaintiffs who remain incarcerated (Ayestas, Lara, and Medina) seek prospective injunctive relief to "end pervasive sexual harassment suffered by all transgender, queer, and gender non-conforming prisoners at

1

[the Central California Women's Facility] CCWF." (ECF No. 41 at 3.) Plaintiffs concede that at the time this lawsuit was filed, Medina had been transferred to California Institution for Women (CIW). (*Id.*) Plaintiffs proffer that, when they submitted their objections on September 13, 2018, Plaintiff Medina was housed at CCWF. (*Id.*) Plaintiff Medina, however, has since been transferred back to CIW.[1]

Notwithstanding where Medina is housed, Plaintiffs have failed to establish a "systematic pattern" or "series of events" that meets Federal Rule of Civil Procedure Rule 20's "same transaction" requirement. Plaintiffs contend that a systemic pattern of "pervasive sexual harassment" existed, and repeat the isolated instances of verbal sexual harassment that were alleged in their complaint. (ECF No. 41 at 4.) But the Magistrate Judge properly found that these unsupported conclusory allegations do not support an "official 'custom and practice' by either CDCR or officers at CCWF." (ECF No. 38 at 14.) In addition, the Magistrate Judge properly found that there was no common link between any of the named parties allegedly involved in the two incidents, with the exception of a single Defendant. (*Id.*) And the Magistrate Judge determined that the cases cited by Plaintiffs to support joinder were not relevant to a § 1983 action. (*Id.*) Plaintiffs have not presented the Court with any new arguments or case law that could possibly draw a different conclusion.

The alleged events are distinctly separate incidents, and the Magistrate Judge was correct in finding that they were improperly joined. Plaintiffs' objection regarding misjoinder should be overruled.

**II.   THE MAGISTRATE JUDGE PROPERLY RECOMMENDED DISMISSAL OF PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIMS BASED ENTIRELY ON ORAL COMPLAINTS.**

Plaintiffs argue that their oral complaints constitute protected activity to support their First Amendment retaliation claims. (ECF No. 41 at 5.) Plaintiffs cite *Ahmed v. Ringler*, in which this Court considered a motion to dismiss a retaliation claim that was based on an oral complaint.

---

[1] Defendants request that the Court take judicial notice of the California Department of Corrections and Rehabilitation Inmate Locator, documenting the current placement of inmate "Claudia Medina." A current placement reference for Plaintiff Medina is attached as Defendants' Exhibit 1. https://inmatelocator.cdcr.ca.gov/default.aspx

*Ahmed v. Ringler,* No. 2:13-CV-1050 MCE DAD, 2015 WL 502855, at *1, *4 (E.D. Cal. Feb. 5, 2015), *report and recommendation adopted* 2015 WL 1119675 (E.D. Cal. Mar. 11, 2015). Although the Court found that the defendants' alleged response to oral complaints might support the plaintiff's retaliation claim, it concluded that the defendants were entitled to qualified immunity. (*Id.*) The Court reasoned that "it was not clearly established at the time of the alleged events in 2012 that a prisoner's verbal complaint (as opposed to filing a formal grievance or lawsuit) constituted protected conduct under the First Amendment for purposes of a retaliation claim." (*Id.*) Furthermore, the Court properly noted that Medina failed to establish the required causal link. (ECF No. 38 at 37.)

More recently, this Court has reiterated that "[n]either the Ninth Circuit nor the Supreme Court has decided whether a prisoner's verbal complaints constitute protected conduct," and, further, that courts have not reached a consensus on the issue. *Torres v. Arellano*, No. 1:15-cv-00575, 2017 WL 1355823, at *13 (E.D. Cal. 2017). Accordingly, even if Plaintiffs' allegations that they were retaliated against for having made oral complaints could support a cause of action, Defendants would be entitled to qualified immunity.

Plaintiffs' objection regarding the sufficiency of their First Amendment claim should be overruled, and the Court should dismiss this claim.

### III. THE MAGISTRATE JUDGE PROPERLY RECOMMENDED DISMISSAL OF PLAINTIFFS' SEXUAL HARASSMENT CLAIMS.

The Magistrate Judge correctly found that Plaintiffs' allegations of oral harassment alone were insufficient to support a claim for sexual harassment under the Eighth Amendment. (ECF No. 38 at 31, 34, 35.) The Court also found that Plaintiffs did not state sufficient facts to support a conclusion that Lara's sex organs were intentionally exposed and the Court was unable to determine which specific actions Medina believes violated his rights in his allegations regarding his exposed genitals. (ECF 38 at 33, 34.) Plaintiffs attempt to bolster their allegations by alleging that the harassment was "pervasive." (ECF No. 41 at 5.) Plaintiffs cite *Jordan v. Gardner*, 986 F.2d 1521, 1525 (9th Cir. 1993), to argue that the Court should consider their incarceration in a women's prison and histories of domestic violence and sexual assault in

3

determining whether Plaintiffs have stated a claim. But *Jordan* is inapplicable here. In *Jordan,* the Ninth Circuit addressed female plaintiffs' pre-incarceration experiences when considering the correctional justification for and constitutionality of a cross-gender strip search policy. *Id.* But here, there is no state policy or common custom or practice at issue. Rather, Plaintiffs complain about alleged statements made by individual Defendants which, even if true, do not support an Eighth Amendment violation. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

Plaintiffs also argue that the "nation's standards of decency have evolved" such that their "allegations of pervasive verbal sexual harassment should be advanced." (ECF No. 41 at 6.) In support, Plaintiffs cite *Atkins v. Virginia*, in which the Supreme Court determined that the execution of mentally-disabled inmates violated the Eighth Amendment. *Atkins v. Virginia,* 536 U.S. 304, 321 (2002). In reaching that determination, the Court specifically looked to states that have enacted legislation barring the execution of the mentally disabled. (*Id.*) Here, Plaintiffs allege an "unprecedented" increase in sexual harassment legislation following the nation-wide conversation regarding the #metoo movement (ECF No. 41 at 6), but the cited legislation does not appear to pertain to prisons and is inapplicable here. Plaintiffs' allegations simply fail to support a claim for sexual harassment under the Eighth Amendment. Accordingly, this objection should be overruled, and the Magistrate Judge's recommendation that Plaintiffs' sexual harassment claims be dismissed be adopted.

///

///

///

## CONCLUSION

For the foregoing reasons, the Court should overrule Plaintiffs' objections and adopt the Magistrate Judge's Findings and Recommendations in full.

Dated:  September 20, 2018                    Respectfully submitted,

XAVIER BECERRA
Attorney General of California
CHRISTOPHER J. BECKER
Supervising Deputy Attorney General

*/s/ Janet N. Chen*

JANET N. CHEN
Deputy Attorney General
*Attorneys for Defendants
Brown, Dalie, Herrera, Adams, Del Toro, Valencia, Collier, Reynolds, Espinoza, Johnson, Trevino, Rubalcava, Kernan, and Tegtmeyer*

SA2018300261
33573647.docx

# EXHIBIT A

Case 1:17-cv-01514-DAD-JLT   Document 43   Filed 09/20/18   Page 7 of 8

# Inmate Search Results

Clicking on an Inmate Name will provide additional information about that Inmate

| Inmate Name | CDCR # | Age | Admission Date | Current Location |
|---|---|---|---|---|
| MEDINA, CLAUDIA (Details.aspx?ID=X02413) | X02413 | 37 | 11/02/2011 | California Institution for Women (http://www.cdcr.ca.gov/Facilities_Locator/CIW.html) |
| Page 1 of 1 | | | | |

New Search


Office of Governor
**Edmund G. Brown Jr.**
**Visit his website (https://www.gov.ca.gov/)**


CDCR Secretary
**Ralph Diaz**
**Visit his website (http://www.cdcr.ca.gov/About_CDCR/Secretary.html)**


Innovation Powered by
Enterprise Information Services
**View EIS website (http://www.cdcr.ca.gov/Career_Opportunities/IT/EISmission.html)**

Privacy Policy (http://www.cdcr.ca.gov/Conditions/Privacy_Policy.html) | Accessibility (http://www.cdcr.ca.gov/Accessibility.html) | Public Notices (http://www.cdcr.ca.gov/PublicNotices/) | Contact Us (http://www.cdcr.ca.gov/Contactus.html)

Copyright © 2016 - California Department of Corrections & Rehabilitation

# CERTIFICATE OF SERVICE

Case Name: **Stacy Rojas, et al. v. Edmund G. Brown, et al.**
No. **1:17-cv-01514 DAD JLT**

I hereby certify that on **September 20, 2018**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### DEFENDANTS' REPLY TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS
(with Exhibit A)

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 20, 2018**, at Sacramento, California.

| K. Jeffers | */s/ K. Jeffers* |
|---|---|
| Declarant | Signature |

SA2018300261
33573703.docx