# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY ROJAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EDMUND G. BROWN, JR., et al., <br><br> Defendants. | Case No.: 1:17-cv-01514 - DAD – JLT <br><br> FINDINGS AND RECOMMENDATIONS[1] DENYING DEFENDANT TEGTMEYER'S MOTION TO DISMISS UNDER RULE 12(B)(5) AND GRANTING THE REQUEST TO JOIN DEFENDANT'S MOTION FILED JULY 16, 2018 <br><br> (Doc. 39) |

Stacy Rojas, Ivett Ayestas, Sarah Lara, and Claudia ("Isaac") Medina[2] were incarcerated at Central California Women's Facility. Plaintiffs contend they each were assaulted by employees of the California Department of Corrections and Rehabilitation while incarcerated at CCWF, and denied medical treatment for their injuries.

Defendant Timothy Tegtmeyer seeks to dismiss the claims stated against him by Plaintiffs pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, for failure to timely effect service. (Doc. 39 at 1) In addition, Tegtemyer requests to join "Defendants' previously filed motion for misjoinder and motion to dismiss, which the Court has recommended be granted." (*Id.*) Plaintiffs

---

[1] Because the parties' positions were adequately set forth in their briefs, the Court **VACATES** the hearing on the motion.

[2] Isaac Medina's legal name is Claudia Medina. As Plaintiffs do in the First Amended Complaint, the Court will refer to Medina by his chosen name and the male pronoun. (*See* Doc. 24 at 2, n.1)

1

oppose the dismissal under Rule 12(b)(5), but do not oppose his joining of the prior motion. (Doc. 45) The action was referred to the assigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 33) For the reasons set forth below, the Court recommends Tegtemyer's motion for dismissal for untimely service be **DENIED**, and his request to join the previously adjudicated motion to dismiss, which is currently pending review by the District Judge, be **GRANTED**.

**I.    Background**

Plaintiffs initiated this action by filing a complaint on November 9, 2017. (Doc. 1) The Court issued summons as to all defendants on November 13, 2017. (Docs. 2-5) The same date, the Court issued its new civil case documents, including an "Order Setting Mandatory Scheduling Conference," which reminded Plaintiffs of the obligation to "diligently pursue service of the summons and complaint." (Doc. 6 at 2)

On February 13, 2018, Plaintiffs filed proofs of service indicating defendants Scott Kerman, Israel Trevino, Abdel Dalie, Jason Collier, Officer Del Toro, Officer Rubalcava, Officer Reynolds, and Governor Brown had been served with the summons and complaint. (Docs. 11-18) However, no proof of service was filed for defendant Timothy Tegtmeyer.

On July 13, 2018, the defendants who had appeared in the action noted in the Joint Scheduling Report that Plaintiffs "failed to serve the complaint on Defendant Tegtmeyer as required by Federal Rule of Civil Procedure 4(m)." (Doc. 29 at 6)

Three days later, on July 16, 2018, Defendants Edmund Brown, Scott Kernan, Jason Collier, Gilbert Rubalcava, Israel Trevino, Reynolds, Albert Del Toro, Abdel Dalie, Derral Adams, Officer Valencia, Deborah Johnson, Miguel Herrera, and Janel Espinoza filed a motion for misjoinder under Rule 21 of the Federal Rules of Civil Procedure, seeking to have the claims of Rojas, Lara, and Ayestas severed from the claims of Medina. (Doc. 30 at 1-2) In addition, the defendants challenged the factual sufficiency of Plaintiffs' claims pursuant to Rule 12(b)(6). (*Id.* at 2) At that time, the defendants, again noted Tegtmeyer had "still not been served." (Doc. 30-1 at 8, n. 1)

On August 28, 2018— the eve of the hearing on the motions to dismiss—Plaintiffs filed a proof of service indicating Timothy Tegtmeyer was served with the summons and First Amended Complaint on August 17, 2018. (Doc. 36)

2

On September 7, 2018, Defendant Tegtmeyer the motion to dismiss now pending before the Court. (Doc. 39) Plaintiffs filed their opposition on September 26, 2018 (Doc. 45), to which Tegtmeyer filed a reply on October 2, 2018. (Doc. 47).

**II.     Request for Dismissal**

    **A.     Timeliness of Service**

Service of the summons and a complaint by a plaintiff is governed by the Rules of Federal Civil Procedure.  In particular, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Thus, a court is *required* to grant an extension of time if a plaintiff demonstrates good cause for the failure to comply with the service deadline.  *See id.*  On the other hand, if good cause is not shown, the Court has discretion to choose dismissal or to give an extension of time.  *Id.*

To demonstrate good cause, "a plaintiff may be required to show … '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" *In re Sheehan*, 253 F.3d 507, 512 (2001) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

    **B.     Rule 12(b)(5)**

Tegtmeyer asks the Court to dismiss the amended complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure "for failure to timely serve [him]."  (Doc. 39 at 1) Specifically, under Rule 12(b)(5), a defendant may challenge any departure from the proper procedure for serving the summons and complaint as "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Once a defendant challenges service of process, the plaintiff has the burden of establishing the validity of service of process under Rule 4.  *See, e.g., Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *Corona v. Verderosa*, 2015 WL 1469324, at *4-5 (E.D. Cal. Mar. 27, 2015).

"When considering a motion to dismiss a complaint for untimely service, courts must determine whether good cause for the delay has been shown on a case by case basis."  *In re Sheehan*, 253 F.3d at 512 (citing *Cartage Pac., Inc. v. Waldner*, 183 B.R. 879, 882 (9th Cir. B.A.P. 1995)).

**C. Discussion**

The Court issued the summons for Timothy Tegtmeyer on November 13, 2017. (Doc. 4) As a result, Plaintiffs were required to serve the summons and complaint within ninety days, or no later than February 12, 2018. However, he was not served with the summons and first amended complaint until August 17, 2018. (Doc. 36) Accordingly, the Court must first determine whether Plaintiffs demonstrate good cause for the delay. *See* Fed. R. Civ. P. 4(m); *Efaw*, 473 F.3d at 1041.

        1.      Good cause

Plaintiffs assert that "on or about February 2, 2018, counsel for defendants said that defendant Tegtmeyer no longer worked for California Department of Corrections and Rehabilitation and that they could not get a hold of him." (Doc. 45 at 3) The following month, Plaintiffs report they were approached by the defendants "to engage in settlement discussions," which were originally scheduled for May 9, 2018. (*Id.* at 3, n.1) However, the conference was continued to June 11, 2018. (*Id.* at 3) According to Plaintiffs, "Upon a determination that further settlement discussions would not be fruitful, [they] again sought to serve defendant Tegtmeyer. Plaintiffs were ultimately successful in finding an address for defendant Tegtmeyer and arranged for him to be served on or about July 17, 2018." (*Id.* at 4) Plaintiffs report that because Tegtmeyer lived in a gate community, "the process server was not successful in making contact with defendant until August 17, 2018." (*Id.* at 4)

Plaintiffs' counsel Emily Rose Johns acknowledges that she first learned that Tegtmeyer was no longer employed by the CDCR on February 2, 2018. (Doc. 44-1 at 2, Johns Decl. ¶3) Ms. Johns does not report that she attempted to locate an address for Tegtmeyer until July 17, 2018 —the day after the filing of the motion to dismiss by the served defendants—when she "performed a search for Timothy Tegtmeyer using Westlaw Public Records" and "found an address that [she] believed was his home address." (*Id.*, Johns Decl. ¶ 9) Consequently, it is clear Plaintiffs made a tactical decision to not serve Tegtmeyer until after the failure to serve was addressed in the motion to dismiss.[3] There is no explanation why the Westlaw Public Records search was not attempted immediately after February 2, when Ms. Johns learned the defendant was no longer employed by the CDCR. Indeed, Ms. Johns

---

[3] Indeed, they ignored the issue even after the served defendants addressed it in the Joint Scheduling Report filed the previous week. (*See* Doc. 29 at 6)

4

located the address on her first attempt, which suggests that the information was not difficult to obtain. Likewise, there is no information why Plaintiffs did not previously request an extension of time to effect service. Given these facts, the Court cannot find Plaintiffs demonstrate good cause for the failure to comply with the service deadline of February 17, 2018.

### 2. Whether to dismiss or grant the extension of time

Rule 4(m) "permits a district court to enlarge the time for service 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996). Thus, the Ninth Circuit determined a district court has "broad discretion" to give an extension of time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1040 (citing *Henderson*, 517 U.S. at 661). However, the Ninth Circuit declined "to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)." *In re Sheehan*, 253 F.3d at 513. Nevertheless, the Court indicated the court may factors such as an applicable statute of limitations, prejudice to either party, actual notice to the defendants, and whether service was eventually made. *See Efaw*, 473 F.3d at 1041.

Plaintiffs argue that "the Court should exercise its discretion to extend time for service." (Doc. 45 at 3, emphasis omitted) According to Plaintiffs, the extension should be granted "because a dismissal, even without prejudice, would permanently deny plaintiffs Rojas, Ayestas, and Lara the opportunity to pursue their claims against defendant Tegtmeyer because the statute of limitations to bring their claims has run." (*Id.* at 4) Plaintiffs contend that, in contrast, Tegtmeyer "is not prejudiced by maintaining him as a defendant in this action," because "[p]rejudice to defendant may be found if delay 'damage[s] a defendant's ability to defend on the merits.'" (*Id.* at 5, quoting *Boley v. Kaymark*, 123 F.3d 756, 759 (3rd. Cir. 1997). Plaintiffs also report they "anticipate … [filing] an amended pleading following the District Court's order on defendants' motion to dismiss, [and] defendant Tegtmeyer will have a full opportunity to assert his defenses in response to plaintiffs' anticipated Second Amended Complaint." (*Id.* at 5)

According to Tegtmeyer, because Plaintiffs "presented no good cause to warrant excusal of their failure to comply with applicable Federal Rules[,]… the Court should dismiss Defendant Tegtmeyer under Federal Rule of Civil Procedure 12(b)(5). (Doc. 45 at 4) Tegtmeyer asserts Plaintiffs' argument regarding the statute of limitations "is legally unfounded." (*Id.* at 3) Tegtmeyer observes,

"[i]nmates serving less than a life sentence benefit from a four-year statute of limitations for § 1983 actions because they receive an additional two years for tolling during their incarceration." (*Id.*, citing *Chatman v. Cty. of San Mateo*, 357 Fed. App'x 874, 874 (9th Cir. 2009) With the statutory tolling, the statute of limitations for the claims by Rojas expires January 27, 2019; and the statute of limitation for the claims of Ayestas and Lara is tolled to November 11, 2019. (*See id.*) Tegtmeyer concludes, "Plaintiffs' contention that they will be irreparably harmed is incorrect." (*Id.* at 3)

As Tegtmeyer notes, if the Court were to dismiss Plaintiffs' claims, they would not be barred by the statute of limitations. Section 1983 borrows the limitation period and the rules governing tolling from the forum state. *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009); *see Wilson v. Garcia*, 471 U.S. 261, 266 (1985). California has a two-year statute of limitations for personal injury claims, and tolls the statute of limitations for two years if the plaintiff is a prisoner serving a term of less than life, thus effectively giving such prisoners up to four years to file a federal suit. *See* Cal. Civ. Proc. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's equitable tolling rules if they are not inconsistent with federal law). Thus, the statute of limitations would not cause prejudice to Plaintiffs if their claims against Tegtmeyer were dismissed.

On the other hand, as Plaintiffs observe, Tegtmeyer has not suffered any prejudice from the untimely filing in this action. Though there is no showing that Tegtmeyer had actual notice of the lawsuit prior to service, the case has not been scheduled and discovery has not yet begun in the action. Given the procedural posture, the delay in service will not hamper his ability to defend the claims against him, particularly if the District Judge adopts the recommendations granting the motion to dismiss and directing Plaintiffs to file a second amended complaint.[4] This also is not a situation in which the delay in service was so great such that memories witnesses faded, which would prejudice the defendant. *See Efaw*, 473 F.3d at 1041 (finding prejudice to the defendant where she was not served for more than seven years after the filing of the complaint, because "the memories of all witnesses faded" and an eyewitness had died).

Finally, the Court notes that service upon Tegtmeyer has been made, which supports an

---

[4] The Court notes Tegtmeyer is now represented by the same attorneys who filed the motion to dismiss, which is pending review by the District Judge.

extension of time being granted. Accordingly, the Court recommends the motion to dismiss under Rule 12(b)(5) for untimely service be **DENIED**.

### III.     Request to Join

Defendant Tegtmeyer requests that he be permitted to "join[] Defendants' previously filed motion for misjoinder and motion to dismiss, which the Court has recommended be granted." (Doc. 39 at 1) Plaintiffs respond they "do not contest defendant Tegtmeyer's motion for joinder in the motion to dismiss filed by all other defendants." (Doc. 45 at 3)

Accordingly, the Court recommends Tegtmeyer's request to join the prior motion be **GRANTED**, and that the Court consider the arguments as also raised by Tegtmeyer when reviewing the Findings and Recommendations dated August 30, 2018.

### IV.     Findings and Recommendations

Based upon the foregoing, the Court **RECOMMENDS**:

1. Defendant's motion to dismiss under Rule 12(b)(5) be **DENIED**; and
2. Defendants' request to join the prior motion be **GRANTED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     **October 4, 2018**                    **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE