# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY ROJAS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-01514-DAD-JLT<br><br>ORDER SETTING SETTLEMENT CONFERENCE |

  Stacy Rojas, Ivett Ayestas, Sarah Lara, and Claudia ("Isaac") Medina[1] were incarcerated at Central California Women's Facility. Plaintiffs contend they each were assaulted by employees of the California Department of Corrections and Rehabilitation while incarcerated at CCWF, and denied medical treatment for their injuries.

  The Court has determined that this case will benefit from a settlement conference. Accordingly, the Court **ORDERS**:

  1. This case is set for a settlement conference before Magistrate Judge Barbara A. McAuliffe on May 7, 2019, at 9:30 a.m. at the U. S. District Court, 2500 Tulare Street, Fresno, California 93721 in Courtroom #8.

  2. Unless otherwise permitted in advance by the Court, **the attorneys who will try the case shall appear** at the Settlement Conference **with the parties** and the person or persons

---

[1] Isaac Medina's legal name is Claudia Medina. As Plaintiffs do in the First Amended Complaint, the Court will refer to Medina by his chosen name and the male pronoun. (See Doc. 24 at 2, n.1)

1

having authority to negotiate and settle the case **on any reasonable terms**[2] discussed at the conference. Consideration of settlement is a serious matter that requires preparation prior to the settlement conference. Set forth below are the procedures the Court will employ, absent good cause, in conducting the conference.

       3.     **At least 21 days before** the settlement conference, Plaintiff **SHALL** submit to Defendant via fax or e-mail, a written itemization of damages and a meaningful[3] settlement demand which includes a brief explanation of why such a settlement is appropriate. Thereafter, **no later than 14 days before** the settlement conference, Defendant **SHALL** respond via fax or e-mail, with an acceptance of the offer or with a meaningful counteroffer, which includes a brief explanation of why such a settlement is appropriate.

       If settlement is not achieved, each party **SHALL** attach copies of their settlement offers to their Confidential Settlement Conference Statement, as described below. Copies of these documents shall not be filed on the court docket.

       4.     Each party shall provide a confidential settlement statement **no later than April 30, 2019** to the following email address: bamorders@caed.uscourts.gov. Parties shall also file a "Notice of Submission of Confidential Settlement Statement" (See Local Rule 270(d)). Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

          a.     The confidential settlement statement shall not exceed **five pages** and should be typed or neatly printed. The statement **SHALL** include the following:

          b.     A brief statement of the facts of the case.

          c.     A brief statement of the claims and defenses, i.e., statutory or other

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like may be represented by a person whose recommendations about settlement are relied upon by the ultimate decision makers.

[3] "Meaningful" means the offer is reasonably calculated to settle the case on terms acceptable to the offering party. "Meaningful" does not include an offer which the offering party knows will not be acceptable to the other party. If, however, the offering party is only willing to offer a settlement which it knows the other party will not accept, this should trigger a recognition the case is not in a settlement posture and the parties should confer about continuing the settlement conference via stipulation.

grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    d.    An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    e.    The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    f.    A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.

    g.    If the parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s) if applicable.

IT IS SO ORDERED.

Dated:   **February 13, 2019**                    **/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE