UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY ROJAS, et al., | No. 1:17-cv-01514-DAD-JLT (PC) |
| Plaintiffs, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| EDMUND G. BROWN, JR., et al., | (Doc. No. 67) |
| Defendants. | |

Plaintiffs Stacy Rojas, Ivett Ayestas, and Sarah Lara are or were at one time incarcerated at Central California Women's Facility. Plaintiffs contend they were each assaulted by employees of the California Department of Corrections and Rehabilitation and suffered violations of their civil rights arising under the First, Eighth, and Fourteenth Amendments. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Back on April 29, 2019, the assigned magistrate judge screened plaintiffs' second amended complaint and issued findings and recommendations, recommending that certain claims and defendants be dismissed. (Doc. No. 67.)[1] Specifically, the findings and recommendations

---

[1] The court apologizes to the parties for the extensive delay in the issuance of this order. Due to an oversight, until very recently the undersigned was unaware that the April 29, 2019 findings and recommendations were pending in this action.

1    recommend that plaintiffs' first claim for relief for excessive force in violation of the Eighth
2    Amendment be dismissed to the extent it is brought by plaintiff Rojas against defendants
3    Tegtmeyer, Herrera, Reynolds, and Trevino; by plaintiff Lara against defendants Tegtmeyer,
4    Reynolds, and Trevino; and by plaintiff Ayestas against defendants Reynolds and Trevino.  (*Id.* at
5    25.)  Additionally, the findings and recommendations recommend that plaintiffs' second claim for
6    relief for sexual abuse and harassment be dismissed in its entirety.  (*Id.*)  The findings and
7    recommendations further recommend that the third claim for relief for retaliation in violation of
8    the First Amendment be dismissed to the extent it is brought by plaintiff Rojas against defendants
9    Tegtmeyer, Reynolds, and Trevino; by plaintiff Lara against defendants Tegtmeyer, Reynolds,
10   and Trevino; and by plaintiff Ayestas in its entirety.  (*Id.*)  Lastly, the findings and
11   recommendations recommend that the fourth claim for relief for failure to train be dismissed;
12   defendants Diaz and Espinoza be dismissed; and defendants Dalie, Rubalcava, Valencia, Del
13   Toro, Adams, and Johnson be terminated as defendants.  (*Id.* at 25–26.)  The findings and
14   recommendations were served on plaintiffs and contained notice that any objections thereto were
15   to be filed within fourteen (14) days.  (*Id.* at 26.)  On May 13, 2019, plaintiffs filed objections.
16   (Doc. No. 69.)
17         In their objections, plaintiffs make two arguments.  First, plaintiffs contend that the
18   magistrate judge's screening of their complaint was improper because they are represented by
19   counsel and because plaintiff Rojas was not a prisoner when the complaint was filed.  (*Id.* at 2.)
20   Second, plaintiffs contend that they have alleged sufficient facts to support the claims that the
21   findings and recommendations recommend be dismissed.  (*Id.* at 3.)  With respect to the second
22   argument, the court concludes that the findings and recommendations fully and properly
23   addressed the arguments raised by plaintiffs and correctly found which claims had been
24   adequately alleged.  With respect to the first argument, the court first concludes that whether
25   plaintiffs are represented by counsel is not relevant for this purpose because "[t]he court is
26   required to screen complaints brought by prisoners seeking relief against a governmental entity or
27   officer or employee of a governmental entity, regardless of whether plaintiff is represented by
28   counsel."  *Parks v. Rolfing*, No. 2:15-cv-1505-CKD-P, 2018 WL 2128393, at *2 (E.D. Cal. May

9, 2018); *see also Johnson v. Hall*, No. 2:19-cv-1752-KJN-P, 2019 WL 4392413, at *1 (E.D. Cal. Sept. 13, 2019). Although at least one judge of this district has found the screening of complaints to be optional when plaintiffs are proceeding with counsel, the court is unaware of any decision barring the screening of a represented prisoner's complaint. *See Simmonds v. CDCR*, 49 F. Supp. 3d 700, 701 (E.D. Cal. 2014). Next, the court addresses whether it matters that plaintiff Rojas was allegedly not a prisoner when they brought this action. This case falls into a rather rare situation where multiple plaintiffs have collectively brought an action and some of the plaintiffs are prisoners and some are not. Though uncommon, at least one other district court has addressed this issue. In *Ehlers v. U.S. Navy*, No. 16-cv-30-DWF-TNL, 2016 WL 1592478, at *3 (D. Minn. Mar. 14, 2016) the court concluded that under § 1915A(a), the screening requirement is triggered when a prisoner seek redress from a governmental defendant and "once this screening requirement is triggered under § 1915A(a), the court's review must encompass the *entire* complaint, including any portions of the complaint that would not have been subject to screening if not filed alongside the claims that triggered screening." The undersigned agrees with this reading of § 1915A(a). In the specific context of this case, review of plaintiffs' entire second amended complaint is appropriate and efficient since all of the plaintiffs' separate claims are related to the same set of facts and same general allegations. Accordingly, the fact that plaintiff Rojas may not have been incarcerated when the second amended complaint was filed does not render the magistrate judge's screening order improper.

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiffs' objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

       Accordingly,

1.      The first claim for relief for excessive force in violation of the Eighth Amendment is dismissed with prejudice to the extent it is brought by:

     a.      Plaintiff Rojas against defendants Tegtmeyer, Herrera, Reynolds, and Trevino;

3

1          b.      Plaintiff Lara against defendants Tegtmeyer, Reynolds, and Trevino; and

2          c.      Plaintiff Ayestas against defendants Reynolds and Trevino;

3    2.     The second claim for relief for sexual abuse and harassment in violation of the Eighth Amendment is dismissed with prejudice;

5    3.     The third claim for relief for retaliation in violation of the First Amendment is dismissed without prejudice to the extent it is brought by:

7          a.      Plaintiff Rojas against defendants Tegtmeyer, Reynolds, and Trevino; and

8          b.      Plaintiff Lara against defendants Tegtmeyer, Reynolds, and Trevino;

9    4.     The fourth claim for relief for failure to train is dismissed with prejudice;

10    5.     Defendants Diaz and Espinoza are dismissed from this action;

11    6.     Defendants Dalie, Rubalcava, Valencia, Del Toro, Adams, and Johnson are terminated as defendants in this action; and

13    7.     This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **October 15, 2021**           _Dale A. Drozd_
                                                                           UNITED STATES DISTRICT JUDGE