UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY ROJAS, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., *et al.*<br><br>Defendants. | Case No. 1:17-cv-01514-ADA-CDB<br><br>ORDER GRANTING IN PART AND DENYING IN PART SECOND JOINT REQUEST TO CONTINUE CASE MANAGEMENT DEADLINES<br><br>(Doc. 119) |

Pending before the Court is the parties' stipulation for a second extension in the case management deadlines. (Doc. 119).

A scheduling order for this matter issued on November 17, 2021. (Doc. 92). Among other things, the scheduling order provided the parties approximately ten months within which to complete fact discovery (*i.e.*, by September 30, 2022). On April 8, 2022, the parties jointly reported to the Court that they did not anticipate any impediments to completing discovery on time. (Doc. 101). The scheduling order stated:

> The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

On September 13, 2022, the parties filed a request for Court order continuing the case

management deadlines by approximately four months. (Doc. 104). The Court granted the parties' request and reset this case's schedule. (Doc. 105).

On January 18, 2023, the parties filed a second stipulation seeking to continue case management deadlines. (Doc. 119). The sole grounds offered by the parties for the requested continuance is to "preserve resources" in light of a rescheduled settlement conference. *Id*.

The Court declines to grant the requested extension. Among other things, the parties seek to continue the expert discovery deadlines until well after the current deadline for filing dispositive motions, prompting the Court to question whether a second round of motions might be in the offing should the parties identify any contested issues relating to any experts only after the motion filing date has passed. Moreover, as fact discovery was scheduled to be completed within only two weeks after the parties filed their request for the instant extension, it is not clear to the Court why fact discovery at this late juncture should be delayed.

Despite the lack of good cause shown, the Court nevertheless will grant a brief extension of the fact and expert discovery periods as set forth below.

Accordingly, IT IS HEREBY ORDERED, the modified scheduling order (Doc. 105) is further modified only as set forth below:

1. Non-expert discovery deadline: **March 16, 2023**.
2. Expert disclosure deadline: **April 10, 2023**.
3. Expert discovery deadline: **July 10, 2023**.

IT IS SO ORDERED.

Dated: **January 23, 2023**

UNITED STATES MAGISTRATE JUDGE