UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY ROJAS, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR.,<br><br>Defendants. | Case No. 1:17-cv-01514-ADA-CDB<br><br>ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO SUBSTITUTE PARTY<br><br>(Doc. 118) |

      Plaintiffs Sarah Lara, Stacy Rojas and Ivett Ayestas commenced this action on November 9, 2017, seeking damages and injunctive relief pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiffs filed a first amended complaint on May 1, 2018, and a second amended complaint on April 4, 2019. (Docs. 24, 57). On August 17, 2022, Sarah Lara passed away in Fresno County. (Doc. 118-1).

      On September 20, 2022, Plaintiffs' attorney EmilyRose Johns filed a suggestion of death as to Sarah Lara. (Doc. 108). Attorney EmilyRose Johns served a true copy of the statement of fact of death of Sarah Lara by U.S. mail to Sarah Lara's successor in interest, Priscilla Lara on

October 12, 2022.  (Doc. 111).  On January 10, 2023, counsel for Sarah Lara filed the instant motion to substitute party.  *Id*.  No party filed an opposition and the time to do so has passed.[1]

**Legal Standard**

Federal Rule of Civil Procedure 25(a)(1) provides: if a party dies and the claim is not extinguished, the court may order substitution of the proper party.  Fed. R. Civ. P. 25(a)(1).  A motion for substitution may be made by any party or by the decedent's successor or representative.  *Id*.  If any such motion for substitution is made more than 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.  *Id*.

In evaluating a Rule 25(a)(1) motion, the Court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party. *Maseda v. Saul*, No. 1:20-cv-01657-JLT, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021).  If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same position as [the] original party."  *Id.* (quoting *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996)). "Rule 25(a) should be applied flexibly and liberally to permit substitution of the party or parties who…would adequately represent [the decedent's] interests." *Id.* (quoting *In re Baycol Prods. Litig.*, 616 F.3d 778, 789 (8th Cir. 2010)).

**Discussion and Analysis**

Plaintiffs' motion was timely filed because counsel for Sarah Lara filed the request for substitution within 90 days of service of the statement of death.  (Docs. 111, 118); *see Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).

The question of whether an action survives the death of a party "must be determined by looking towards the law, state or federal, under which the cause of action arose."  *Stribling v. Lucero,* No. 2:16-cv-01438-TLN-JDP, 2021 WL 516849, at *1 (E.D. Cal. Feb. 11, 2021) (citation omitted).  Here, Sarah Lara filed this lawsuit to pursue violations of her constitutional rights pursuant to 42 U.S.C. § 1983.  (Doc. 57 at 17-19).  A claim under 42 U.S.C. § 1983 survives the decedent if the claim accrued before the decedent's death and if state law authorizes a survival

---

[1] Defendants' failure to file an opposition to Plaintiffs' motion is construed as a non-opposition.  *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.").

2

1 action. *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1094 n.2 (9th Cir. 2006); *Hayes
2 v. County of San Diego*, 736 F.3d 1223, 1228 (9th Cir. 2013).

3    Under California law, if an injury giving rise to liability occurs before a decedent's death,
4 then the claim survives to the decedent's estate. Cal. Code Civ. P. § 377.30. California Code of
5 Civil Procedure § 377.11 defines a successor in interest as (1) "the beneficiary of decedent's
6 estate" or (2) any "other successor in interest who succeeds to a cause of action...." In the context
7 of an intestate decedent, the "beneficiary of the decedent's estate" is "a person who succeeds to
8 claims or property under Probate Code sections 6401 and 6402." Cal. Code Civ. Proc. §
9 377.10(b). If an individual dies intestate without a surviving spouse, the decedent's estate passes
10 to "the issue of the decedent." Cal. Prob Code § 6402(a). In the event the decedent has no
11 surviving issue, the estate passes "to the decedent's parent or parents equally." Cal. Prob Code §
12 6402(b). Sarah Lara is survived by her mother Priscilla Lara. (Doc. 118-1). Thus, the claims
13 raised by Sara Lara have not been extinguished.

14    "The question of who is a proper party is a substantive issue, for which we must rely upon
15 state law." *Fox v. County of Tulare*, No. 1:11-cv-00520-AWI-SMS, 2014 WL 897040, at *6
16 (E.D. Cal. Mar. 6, 2014) (citing *In re Baycol Products Litig.*, 616 F.3d at 787-88). A person
17 seeking to substitute for a deceased plaintiff meets their burden by filing an affidavit and certified
18 death certificate that complies with Cal. Code Civ. Proc. § 377.32. Decedent's mother Priscilla
19 Lara submitted a declaration that met the requirements of § 377.32 and included a certified copy
20 of Sarah Lara's death certificate. (Doc. 118-1, Ex. A). Accordingly, as the successor of interest
21 of Sarah Lara's estate, Priscilla Lara is the proper party for Sarah Lara's claims.

22 **Conclusion and Order**

23    Priscilla Lara has presented evidence that establishes that the requirements of Rule
24 25(a)(1) are satisfied as to Sarah Lara's § 1983 claims against Defendants. Accordingly, the
25 Court HEREBY ORDERS:

26   1. The motion to substitute (Doc. 118) is GRANTED and the motion hearing noticed for
27    February 27, 2023, is VACATED;

28   2. Priscilla Lara shall be substituted for Sarah Lara in this consolidated action; and

3. The Clerk of Court is DIRECTED to add Priscilla Lara as a party plaintiff in place of Sarah Lara, and acknowledge on the docket Anne Butterfield Weills, EmilyRose Johns, and Dan Siegel, as counsel of record for Priscilla Lara.

IT IS SO ORDERED.

Dated: **January 26, 2023**

UNITED STATES MAGISTRATE JUDGE