UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY ROJAS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-01514 ADA CDB<br><br>**AMENDED ORDER RESETTING SETTLEMENT CONFERENCE AND PROCEDURES**<br><br>**Settlement Conference: November 16, 2023, at 10:30 a.m.** |

At the further telephonic pre-settlement conference held March 14, 2023, the parties stated a settlement conference would not be productive at this early stage. (*See* Doc. 131 [Minute Order].) Accordingly, the settlement conference, to be held before the undersigned, is continued to **November 16, 2023, at 10:30 a.m.**

**I.    Pre-settlement Conference Exchange of Demand and Offer**

A settlement conference is more likely to be productive if, before the conference, the parties exchange written settlement proposals. Accordingly, **at least 5 weeks prior** to the settlement conference, counsel for each plaintiff shall submit an updated written itemization of damages and settlement demand to each defense counsel with a brief summary of the legal and factual basis supporting the demand. **No later than 4 weeks prior** to the settlement conference, each defense counsel shall submit a written offer to counsel for each plaintiff with a brief summary of the legal and factual basis supporting the offer.

**II.      Submission and Content of Confidential Settlement Conference Statements**

The parties are to send Confidential Settlement Conference Statements to the following email address: SKOorders@caed.uscourts.gov, to arrive **no later than 7 days before the conference**. Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently. Each party shall also file a Notice of Submission of Confidential Settlement Conference Statement (*see* L.R. 270 (d)).

If the Settlement Conference is continued for any reason, each party must submit a new Confidential Settlement Conference Statement that is complete in itself, without reference to any prior Confidential Settlement Conference Statements.

Each Confidential Settlement Conference Statement *shall include the following*:

a.  A brief summary of the core facts, allegations, and defenses, a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute;

b.  A summary of the proceedings to date;

c.  An estimate of the cost and time to be expended for further discovery, pretrial, and trial;

d.  The nature of the relief sought;

e.  An outline of past settlement efforts including information regarding the "Pre-settlement Conference Exchange of Demand and Offer" required above—including the itemization of damages—and a history of past settlement discussions, offers, and demands; and

f.  A statement of each party's expectations and goals for the settlement conference.

**III.     Attendance of Trial Counsel and Parties Required**

*The attorneys who will try the case and parties with full and complete settlement authority are required to personally attend the conference.*[1] An insured party shall appear by a

---

[1] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.

2

representative of the insurer who is authorized to negotiate, and who has *full authority to negotiate and settle the case*. An uninsured corporate party shall appear by a representative authorized to negotiate, and who has *full authority to negotiate and settle the case*. It is difficult for a party who is not present to appreciate the process and the reasons that may justify a change in one's perspective toward settlement. Accordingly, having a client with authority available by telephone is not an acceptable alternative, except under the most extenuating circumstances.[2]

In light of the coronavirus (COVID-19) outbreak and the resulting courthouse restrictions, the Court will revisit the in-person requirement closer to the date of the settlement conference and reserves the right to modify the requirement depending upon the courthouse restrictions, if any, in place at that time. The parties are advised that while the courthouse restrictions pursuant to General Order No. 618 are in place, Zoom videoconference settlement conferences are available.

**IV.     Issues to be Discussed**

The parties shall be prepared to discuss the following at the settlement conference:

a. Goals in the litigation and problems they would like to address in the settlement conference and understanding of the opposing side's goals;

b. The issues (in and outside the lawsuit) that need to be resolved;

c. The strengths and weaknesses of their case;

d. Their understanding of the opposing side's view of the case;

e. Their points of agreement and disagreement (factual and legal);

f. Any financial, emotional, and/or legal impediments to settlement;

g. Whether settlement or further litigation better enables the accomplishment of their respective goals; and

h. Any possibilities for a creative resolution of the dispute.

//

//

//

---

[2] Out of town or out of state travel and the purchase of an airplane ticket are not extenuating circumstances.

3

### V. Statements Inadmissible

The parties are expected to address each other with courtesy and respect and are encouraged to be frank and open in their discussions. Statements made by any party during the settlement conference are not to be used in discovery and will not be admissible at trial.

IT IS SO ORDERED.

Dated: __**March 15, 2023**__        /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE